## GIRARD v. UNITED STATES.

### No. 10148.

Circuit Court of Appeals, Sixth Circuit.
Nov. 25, 1946.

B. J. Tally, of Bay City, Mich., for appellant.

Nathan Siegel, of Washington, D. C. (John C. Lehr, Thomas P. Thornton, and Francis X. Norris, all of Detroit, Mich., and Albert Lederman, of Washington, D. C., on the brief), for appellee.

Before HICKS, MARTIN, and MILLER, Circuit Judges.

## PER CURIAM.

The appellant in this criminal case was a supervisory investigator of gas ration coupons in the Saginaw, Michigan, District of the Office of Price Administration. He was convicted and sentenced to imprisonment and fines on the first, third and fifth counts of a five-count indictment. The first count charged him and others with conspiracy to violate Section 1394.-8177 of Ration Order No. 5-C, as amended, issued by the Price Administrator of the Office of Price Administration pursuant to authority of Acts of Congress, and in violation of Section 633, subsection 2(a) (5), Title 50 Appendix, U.S.C.A., known as the Second War Powers Act. The other two counts charged substantive offenses on separate dates of violating the same laws which the first count charged him and others with conspiring to violate. The aggregate of the sentences on the three counts constituted three years and six months imprisonment and $25,000 in fines.

We listened attentively to the full-time oral arguments of attorneys, considered carefully their briefs, and have studied the record: from all of which, it seems perfectly clear that the defendant was justly and properly convicted upon a fair trial, in which no reversible error was committed. The trial judge scrupulously protected the defendant in all his lawful rights; and no error appears in the charge to the jury as given, or in the rejection of requests for special instructions. Nor was

any erroneous ruling made in the admission or exclusion of proffered evidence.

No useful purpose could be served by reviewing the testimony received during the course of the trial, which consumed more than two weeks' time; nor do we find in the propositions of law urged by appellant's earnest counsel any sufficiently challenging argument to merit discussion. No real contribution of value to criminal jurisprudence would be made by the promulgation of an opinion setting forth arguments of appellant's counsel for the mere purpose of rejecting them upon obvious grounds.

The judgment of conviction and sentence is affirmed.